IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Shelton A. Kirksey, | ) | Case No. 6:25-cv-11182-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| Greenville County Sheriff's Office, | ) | |
| Magistrate James E. Hudson, | ) | |
| Greenville County Clerk of Court, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Amended Complaint and a Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 10; 22.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On November 5, 2025, the Magistrate Judge issued a Report recommending that the case be summarily dismissed with prejudice—except for certain claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)—without leave for amendment. [Doc. 22.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 10.] Plaintiff filed objections on November 17, 2025. [Doc. 24.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the

Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

The Magistrate Judge appropriately described the allegations at issue in this case:

> [Plaintiff] filed this action seeking damages and injunctive relief from [Defendants].  Of note, [Plaintiff's Amended Complaint] — in part — appears to involve charges in the Greenville County General Sessions Court for two counts of threatening a public official and one count of unlawful possession of a weapon.  [Plaintiff] pled guilty to the two charges of threatening a public official in exchange for the dismissal of his other charge on [December 19], 2023.
>
> [Plaintiff] alleges violations of his rights by [Defendants]. [Plaintiff] contends that this matter arises from an improper warrant authorized by Greenville County Magistrate James Hudson.  [Plaintiff] contends that the Greenville County Sheriff's Office ("GCSO") improperly executed the warrant.  [Plaintiff] alleges that his Freedom of Information Act ("FOIA") requests have not been responded to properly because no oath or public official bond was provided for Judge Hudson.
>
> [Plaintiff] alleges claims under the Fourth and Fourteenth Amendments, conspiracy under § 1985, violations of his rights under the South Carolina Constitution, and other violations of South Carolina law.  [Plaintiff] contends that judicial immunity does not apply because Judge Hudson

2

> acted without jurisdiction because he did not have an oath or surety bond. For relief, [Plaintiff] seeks money damages and injunctive relief.

[Doc. 22 at 1–2 (internal citations and footnote omitted).]

The Magistrate Judge concluded that Plaintiff's federal claims are barred by res judicata; Plaintiff fails to state a claim against Judge Hudson and the Clerk of Court because they are entitled to immunity; Plaintiff fails to state a claim against the GCSO because it is not a person as defined by § 1983; and any *Monell* claim fails because Plaintiff "fail[s] to allege any constitutionally offensive action in this case by the individual defendants because they are immune from suit." [*Id.* at 4–7.] The Magistrate Judge further concluded that this case is subject to dismissal under the inherent authority of the Court because, even aside from all of these reasons, it is baseless and frivolous. [*Id.* at 7–8.] The Magistrate Judge also recommends declining to exercise supplemental jurisdiction over Plaintiff's state-law claims. [*Id.* at 8–9.] Having concluded that no amendment of Plaintiff's Amended Complaint could cure the defects the Magistrate Judge identified, the Magistrate Judge recommends dismissing this action with prejudice (except for certain claims barred by *Heck*) without leave to amend and without issuance and service of process; declining to exercise supplemental jurisdiction over the state-law claims; and warning Plaintiff that he could be subject to sanctions if he continues filing duplicative and frivolous litigation in this Court. [*Id.* at 9.]

## **DISCUSSION**

In his objections, Plaintiff argues that res judicata does not apply because he has alleged new facts in support of his claims; judicial immunity does not bar his claims because he plausibly alleges that Judge Hudson lacked jurisdiction to issue the warrant;

3

his claims are not baseless and/or frivolous; his claims against the GCSO state a *Monell* claim; and his claims should not be dismissed with prejudice or at least he should be granted leave to amend his Amended Complaint.  [Doc. 24 at 2–7.]

The Court agrees with the Magistrate Judge that Plaintiff's § 1983 claims should be dismissed as baseless and frivolous.  "[C]laims based on an alleged failure to take the oaths of office required by . . .  state law do not raise a federal constitutional claim." *Bresler v. Dretke*, No. 3:04-CV-2046-B, 2006 WL 1867836, at *2 (N.D. Tex. July 6, 2006); *see Hesed-El v. McCord*, No. CV 117-146, 2019 WL 1441624, at *5 n.10 (S.D. Ga. Mar. 29, 2019) (similar), *aff'd*, 829 F. App'x 469 (11th Cir. 2020); *Schaefer v. Cnty. of San Bernardino*, No. EDCV 07-801-SJO (JWJ), 2008 WL 11637525, at *5 (C.D. Cal. Feb. 29, 2008) (similar); *Cantu v. Cockrell*, No. 3:02-CV-2002-D, 2003 WL 21478790, at *5 (N.D. Tex. June 23, 2003) (similar), *Report and Recommendation adopted by* 2003 WL 22398700 (N.D. Tex. Aug. 7, 2003).   Accordingly, the Magistrate Judge correctly determined that Plaintiff's § 1983 claims for Fourth and Fourteenth Amendment violations—Counts I and II—are baseless and frivolous.  *Cf. United States v. Conces,* 507 F.3d 1028, 1041 (6th Cir. 2007) (rejecting as "frivolous" a jurisdictional challenge based on a district judge's failure to "demonstrate to the satisfaction of a litigant in a particular case that he or she has taken" the oath of office set forth at 28 U.S.C. § 453).  Similarly, in the absence of any underlying constitutional violation, Plaintiff's claims for *Monell* liability, violation of 42 U.S.C. § 1985(3), and declaratory and injunctive relief—Counts III, IV, and V—are also baseless and frivolous.  *See Giancola v. State of W. Va. Dep't of Pub. Safety*, 830 F.2d 547, 550 (4th Cir. 1987) ("[T]o establish liability on behalf of the entity, it must be shown that the actions of the officers were unconstitutional and were taken

4

pursuant to a custom or policy of the entity." (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–92 (1978))); *Anderson v. Caldwell Cnty. Sheriff's Off.*, 524 F. App'x 854, 862 (4th Cir. 2013) ("No actionable claim against supervisors or local governments can exist without a constitutional violation committed by an employee."); *McNutt v. Duke Precision Dental & Orthodontic Lab'ys, Inc.*, 698 F.2d 676, 680 (4th Cir. 1983) ("Section 1985(3) merely provides a remedy for the violation of rights guaranteed by federal law or the Constitution."); *In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.*, No. 3:11-cv-02784-JMC, 2013 WL 1316562, at *11 (D.S.C. Mar. 27, 2013) ("A claim for a declaratory judgment or injunctive relief is actually a claim for an alternative remedy, not a separate and independent cause of action."). Accordingly, Plaintiff's federal claims—Counts I, II, III, IV, and V—are dismissed with prejudice.[*]

Plaintiff does not specifically object to the dismissal of Plaintiff's state-law claims. Finding no clear error in the Report, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

---

[*] Given the sufficiency of this basis for dismissal of these claims, the Court does not address the Magistrate Judge's alternative bases for dismissal or Plaintiff's objections thereto. Although Plaintiff argues that dismissal should at least be without prejudice or with leave to amend his Amended Complaint, given the nature of the flaws in Plaintiff's claims, the Court concludes that Plaintiff cannot cure the defects the Court has identified by amending his pleadings. Additionally, the Court notes that Plaintiff appears to assert in his objections that his claims "challenge ongoing due-process and transparency violations by judicial and county officials in failing to . . . respond truthfully to FOIA/public records requests." [Doc. 24 at 3.] However, Plaintiff's Amended Complaint includes no such claim, and Plaintiff may not amend his pleadings through his objections to the Report. *See Holtzclaw v. Johnson*, No. 6:25-cv-08184-DCC, 2026 WL 1020637, at *1 (D.S.C. Apr. 15, 2026).

## **CONCLUSION**

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge as modified.  Accordingly, Counts I, II, III, IV, and V are dismissed with prejudice, without leave to amend, and without service of process, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.  Plaintiff is also warned that further frivolous litigation in this Court could subject Plaintiff to the entry of sanctions.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

May 21, 2026
Greenville, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.